UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JOSE QUILES,

            Plaintiff,

   v.

THE CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICER
KOREY NOAK, Narcotics Division, OCCB, Tax # \*\*\*\*\*\*,
NEW YORK CITY POLICE OFFICER
JUAN NOLASCO, Narcotics Borough Bronx, Tax # \*\*\*\*\*\*,
NEW YORK CITY POLICE SERGEANT
ERIC BECKEL, Narcotics Borough Bronx, Tax # \*\*\*\*\*\*,

            Defendant(s).
-------------------------------------------------------X

**COMPLAINT &
JURY DEMAND**

**PRELIMINARY STATEMENT**

1. This is a Civil Rights action in which Plaintiff, JOSE QUILES, seeks redress for the Defendant's violation of his rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured by under the laws and Constitution of the State of New York.

**JURISDICTION**

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount of damages in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

3. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. sections

–1–

2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4.  The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5.  The Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## VENUE

6.  Venue is proper for the United States District Court of the Southern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

## PARTIES

7.  Plaintiff, JOSE QUILES is a United States Citizen and resident of the United States, and is, and at all times relevant herein, a resident of the State of New York.

8.  Defendant NEW YORK CITY POLICE OFFICER KOREY NOAK, upon information and belief of the Narcotics Division, Organized Crime Control Bureau, is and at all times relevant, an officer and employee/agent of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK.  Defendant NEW YORK CITY POLICE OFFICER NOAK is sued individually and in his official capacity.  At all times relevant, Defendant NEW YORK CITY POLICE OFFICER NOAK was acting under the color of State Law in the course and scope of his duties and functions as agent, servant, employee and officer of THE NEW YORK CITY POLICE DEPARTMENT and otherwise performed and engaged in conduct incidental to the performance of his lawful duties.  Defendant NEW YORK CITY POLICE OFFICER NOAK was

acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in him as police officer, agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to his lawful pursuit of his duties as officer, employee and agent of THE NEW YORK CITY POLICE DEPARTMENT.

9. Defendants, NEW YORK CITY POLICE OFFICER JUAN NOLASCO and NEW YORK CITY POLICE SERGEANT ERIC BECKEL, upon information and belief, of Narcotics Borough Bronx, are and at all times relevant, officers and employees and agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendant NEW YORK CITY POLICE OFFICER NOLASCO and NEW YORK CITY POLICE SERGEANT BECKEL are sued individually and in their official capacities. At all times relevant, Defendants POLICE OFFICER NOALSCO and SERGEANT BECKEL, were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of their lawful function in the course of their duties. Defendants NEW YORK CITY POLICE OFFICER NOLASCO and SERGEANT BECKEL were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as police officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and incidental to their lawful duties as officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

10. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the

laws of the State of New York.  It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible.  Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and the employment of Police Officers as said risk attaches to the public consumers of the services provided by THE NEW YORK CITY POLICE DEPARTMENT.

      11.  THE NEW YORK CITY POLICE DEPARTMENT, while not a Party, is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers.

## STATEMENT OF FACTS

12. On January 8, 2013 at approximately 6:30 p.m. Plaintiff, who is a resident of Bronx County, exited his residence and proceeded to walk to his car, which was parked in the vicinity of the Plaintiff's apartment located at 1490 Crotona Park East.  While en route to his automobile the Plaintiff observed three people that he knew.  The Plaintiff said hello to them, whereupon two of the three individuals asked the Plaintiff where he was going and whether they could get a ride from the Plaintiff.  The Plaintiff informed the two inquiring individuals that he was on his way to his brother-in-law's house on Southern Boulevard and that he could give them a ride.  The two individuals, known to the Plaintiff as Frankie and Ricky, proceeded to enter the Plaintiff's car, with Frankie, who was wearing a vest and hat similar to the Plaintiff's, getting in the front seat and Ricky getting in the back seat.  The Plaintiff proceeded to get in the driver's seat,

however before the Plaintiff could pull off, his car was boxed in by a police vehicle occupied by members of THE NEW YORK CITY POLICE DEPARTMENT, including named Defendants, NEW YORK CITY POLICE OFFICERS KOREY NOAK and JUAN NOLASCO. The Defendant Officers exited their vehicle, whereupon Defendant OFFICER NOAK ordered the Plaintiff to exit his vehicle. The Plaintiff was then physically searched by Defendant Officers NOAK and NOLASCO, who proceeded to handcuff the Plaintiff in the presence of several of the Plaintiff's neighbors, causing the Plaintiff to suffer considerable public humiliation and embarrassment. Defendant Officers NOAK and NOLASCO then proceeded to search the Plaintiff's vehicle while the Plaintiff was in handcuffs, in the presence of the Plaintiff's wife and two minor children, who had come downstairs from their apartment, causing the Plaintiff to suffer more public humiliation and embarrassment. The Plaintiff was eventually transported to the 42nd Precinct, where the Plaintiff was subjected to a second search of his physical person by members of the NEW YORK CITY POLICE DEPARTMENT. After being at the 42nd precinct for approximately one hour, Defendant OFFICER NOAK informed the Plaintiff that he could make a telephone call in order for a relative to come to the precinct to retrieve the Plaintiff's automobile, which was released to the Plaintiff's uncle from the 42nd Precinct. While at the 42nd Precinct the circumstances surrounding the Plaintiff's arrest and the actions of Defendant Officers NOAK and NOLASCO were reviewed by Defendant NEW YORK CITY POLICE SERGEANT ERIC BECKEL, who approved the arrest and charges levied by Defendant Officers NOAK and NOLASCO against the Plaintiff. After approximately two hours the Plaintiff was transported from

the 42nd Precinct to Central Booking, where the Plaintiff was subjected to a third search of his person by members of the NEW YORK CITY POLICE DEPARTMENT.  The Plaintiff was publicly arraigned before a Judge in the local Criminal Court based upon a felony complaint sworn to by Defendant OFFICER NOAK, charging the Plaintiff with violating New York Penal Law Section 220.21 (Criminal Possession of a Controlled Substance in the First Degree) and related charges.  Based upon the aforementioned Criminal Court Felony complaint filed by THE BRONX DISTRICT ATTORNEY'S OFFICE which in turn was based upon information provided by Defendant Officers NOAK and NOLASCO, the Court set bail on the Plaintiff in the amount of $150,000.00.  The Plaintiff was unable to make bail, and was forced to remain in custody at Rikers Island until January 15, 2013, when the case and charges against the Plaintiff were dismissed and sealed in open Court.  While the Plaintiff was in custody at Rikers Island he was subjected to numerous physical searches of his person.  As a result of his arrest and prosecution the Plaintiff was suspended without pay from his job for a period of approximately five weeks causing the Plaintiff to suffer extreme financial hardship.

**FIRST FEDERAL CLAIM**

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution-False Arrest**

13.  Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through twelve (12) as if fully set forth herein.

14.  Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER KOREY NOAK acting under color of State Law, violated Section 42 U.S.C. 1983 by

unlawfully detaining, searching and arresting Plaintiff JOSE QUILES, without probable cause.

15.  That the actions of Defendant NEW YORK CITY POLICE OFFICER NOAK occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff JOSE QUILES.

## SECOND FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution-False Arrest**

16.  Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Fifteen (15) as if fully set forth herein.

17.  That upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER JUAN NOLASCO acting under the color of State Law, violated section 42 U.S.C. 1983 by unlawfully detaining, searching and arresting Plaintiff JOSE QUILES without reason or probable cause.

18.  That the actions of Defendant NEW YORK CITY POLICE OFFICER NOLASCO occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD FEDERAL CLAIM

**Violation of Rights secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth**

**Amendments to the United States Constitution-False Arrest**

20. Plaintiffs incorporate each and every allegation contained in Paragraphs One (1) through Nineteen (19) as if fully set forth herein.

21. That upon information and belief the conduct of Defendant NEW YORK CITY POLICE SERGEANT ERIC BECKEL acting under the color of State Law did violate Section 42 U.S.C. 1983 by unlawfully approving and authorizing the arrest of Plaintiff without lawful reason or cause.

22. That the actions of Defendant NEW YORK CITY POLICE SERGEANT BECKEL occurred in and during the scope of his duties and functions as a New York City Police Officer and while acting as an agent and employee of The NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff JOSE QUILES.

**FOURTH FEDERAL CLAIM**

**Violation of Rights secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution-Malicious Prosecution**

23. Plaintiff incorporates by reference each and every allegation contained in paragraphs One(1) through Twenty Two (22) as if fully set forth herein.

24. That upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER KOREY NOAK acting under color of State law did violate Section 42 U.S.C. 1983 by falsely and maliciously relaying information alleging that the Plaintiff had committed unlawful, criminal acts to the Bronx District Attorney's Office, without lawful cause or reason.

25. That the actions of Defendant NEW YORK CITY POLICE OFFICER NOAK occurred in and during the scope of his duties and functions as a New York City Police Officer and while

acting as an agent and employee of The NEW YORK CITY POLICE DEPARTMENT and Defendant CITY of NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff JOSE QUILES.

## FIFTH FEDERAL CLAIM

## Violation of Rights Secured by Section 42 U.S.C 1983 and the Fourteenth Amendment to the United States Constitution-Malicious Prosecution

26. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Twenty Five (25) as if fully set forth herein.

27. That upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER JUAN NOLASCO, acting under color of State law, did violate section 42 U.S.C. 1983 by falsely and maliciously relaying information alleging that the Plaintiff had committed unlawful, criminal acts to the Bronx District Attorney's Office, without lawful reason or cause.

28. That the actions of Defendant NEW YORK CITY POLICE OFFICER NOLASCO occurred in and during the scope of his duties and functions as a New York City Police Officer and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff JOSE QUILES.

## FIRST STATE LAW CLAIM

29. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Eight (28) as if fully set forth herein.

30. That the actions of Defendant NEW YORK CITY POLICE OFFICER KOREY NOAK resulted in the false arrest, detention and searches of Plaintiff JOSE QUILES, and causing the

aforementioned and hereinafter mentioned harm to Plaintiff JOSE QUILES.

## SECOND STATE LAW CLAIM

31. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty (30) as if fully set forth herein.

32. That the actions of Defendant New York City POLICE OFFICER KOREY NOAK resulted in the infliction of emotional distress and public humiliation and embarrassment to Plaintiff JOSE QUILES, and causing the aforementioned and hereinafter mentioned harm to Plaintiff JOSE QUILES.

## THIRD STATE LAW CLAIM

33. The Plaintiffs incorporates by reference the allegations contained in paragraphs One (1) through Thirty Two (32) as if fully set forth herein.

34. That the actions of Defendant New York City POLICE OFFICER JUAN NOLASCO resulted in the false arrest, detention and searches of Plaintiff JOSE QUILES, causing the aforementioned and hereinafter mentioned harm to Plaintiff JOSE QUILES.

## FOURTH STATE LAW CLAIM

35. The Plaintiffs incorporate by reference the allegations contained in Paragraphs One(1) through Thirty Four (34) as if fully set forth herein.

36. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant New York City Police Officer KOREY NOAK resulted in the false arrest, detention and searches of Plaintiff JOSE QUILES, and causing the aforementioned and hereinafter mentioned harm to Plaintiff JOSE QUILES.

## FIFTH STATE LAW CLAIM

37. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Six (36) as if fully set forth herein.

38. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER JUAN NOLASCO through the doctrine of Respondeat Superior, resulted in the false arrest, detention and search and seizure of Plaintiff JOSE QUILES, and causing the aforementioned and hereinafter mentioned harm to Plaintiff JOSE QUILES.

## SIXTH STATE LAW CLAIM

39. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Eight (38) as if fully set forth herein.

40. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE SERGEANT ERIC BECKEL resulted in the unlawful detention and search and of the Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff JOSE QUILES.

## SEVENTH STATE LAW CLAIM

41. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Forty (40) as if fully stated herein.

42. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing named Defendants NEW YORK CITY POLICE OFFICER KOREY NOAK and SERGEANT ERIC BECKEL, through the doctrine of Respondeat Superior, resulted in the false arrest, detention and searches of Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff JOSE QUILES.

**EIGHTH STATE LAW CLAIM**

43. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Forty Two (42) as if fully set forth herein.

44. That the actions of Defendant New York City Police OFFICER JUAN NOLASCO intentionally inflicted emotional distress upon Plaintiff, causing Plaintiff to suffer severe anxiety, public humiliation and embarrassment, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff JOSE QUILES.

**NINTH STATE LAW CLAIM**

45. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Forty Four (44) as if fully set forth herein.

46. That the actions of Defendant NEW YORK CITY POLICE SERGEANT ERIC BECKEL intentionally inflicted emotional distress upon Plaintiff, causing Plaintiff to suffer severe anxiety, public humiliation and embarrassment, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff JOSE QUILES.

**WHEREFORE,** the Plaintiff demands the following relief jointly and severally against all Defendants:

    1.  Compensatory Damages for Plaintiff.

    2.  Punitive Damages against Defendant NEW YORK CITY POLICE OFFICERS KOREY NOAK, JUAN NOLASCO and SERGEANT ERIC BECKEL.

    3.  A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiff is entitled to costs of the instant action, and Attorney's fees.

    4.  Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: April 30, 2013
New York, NY

                                                  _____
                                                  VICTOR M. BROWN, ESQ.
                                                  (VB-5289)
                                                  Attorney for Plaintiff Jose Quiles
                                                  11 Park Place, Suite 600
                                                   New York 10007
                                                  (212) 227-7373